IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Zachery Travorus Bookman, #592624, )<br>  ) CIVIL ACTION NO. 9:10-1627-RMG-BM<br>       Plaintiff,  )<br>  )<br>v.  )<br>  ) **REPORT AND RECOMMENDATION**<br>Captain Kitchen and  )<br>Major Danny Gilliom,  )<br>  )<br>       Defendants.  )<br>_____) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, a detainee at the Richland County Detention Center, alleges violations of his constitutional rights by the named Defendants while he was detained at the Newberry County Detention Center. The Defendants are both employees at the Newberry Detention Center.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on February 7, 2011. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on February 8, 2011, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case.

Plaintiff did not respond to either the Defendants' motion for summary judgment or



the Court's Roseboro order. However, in light of Plaintiff's pro se status, the Court issued a second Order on March 15, 2011 granting Plaintiff an additional ten days to file a response. The Court thereafter received a response from the response from the Plaintiff in letter form on March 21, 2011.

Defendants' motion is now before the Court for disposition.[1]

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

The Defendants assert in their motion, inter alia, that they are entitled to summary

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion this Report and Recommendation is entered for review by the Court.



judgment in this case because Plaintiff failed to exhaust his administrative grievance remedies prior to filing this lawsuit. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." However, it is the Defendants who have the burden of showing that Plaintiff failed to exhaust his administrative remedies; see <u>Anderson v. XYZ Correctional Health Services, Inc.</u>, 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; and after a review of the evidence submitted by the Defendants in support of their motion for summary judgment, it was apparent that the Defendants had failed to submit sufficient evidence to show that they were entitled to dismissal of this case on this ground. While the Defendants had submitted an affidavit from Shane Kitchen, who attests that a thorough review of Plaintiff's file showed that he did not file a grievance concerning the allegations set forth in the Complaint, the Defendants had submitted no evidence to show what the grievance procedure at the Newberry County Detention Center was, while Plaintiff states in his verified Complaint that there was no grievance procedure at the jail. See <u>Complaint</u>, Section II.

As the conclusory statement contained in Kitchen's affidavit that Plaintiff had not filed a grievance concerning the incident alleged in the Complaint was not, without more, sufficient to entitle the Defendants to summary judgment on this ground, the Court entered an Order on March 25, 2011, stating that to obtain summary judgment on the ground that Plaintiff failed to exhaust the grievance procedure available at the jail, the Defendants would need to submit further evidence to the Court showing what that grievance procedure is together with documentary or affidavit evidence showing Plaintiff's failure to comply with this procedure. The Defendants were given ten days to



submit such additional evidence and serve a copy of same on the Plaintiff, following which Plaintiff would have ten days to file any response.

On April 4, 2011, the Defendants submitted a supplemental affidavit from Kitchen in which he attests that Section 22 of the NCDC Pretrial Dorm, Maximum Security, and Female Inmate Rules outline the proper procedure for filing grievances, and that a copy of these rules is provided to detainees at the time of entry into the NCDC. Kitchen also attached a copy of these rules to his supplemental affidavit as Exhibit A. Kitchen further attests that once a grievance is received, Section 9 of the NCDC policy governs the procedures for handling inmate grievances, a copy of which he attached to his supplemental affidavit as Exhibit B. Kitchen attests that after a thorough review of Plaintiff's file as well as questioning the guards on duty during the alleged incident set forth in Plaintiff's Complaint, he had found no indication that Plaintiff had requested medical attention, filed a grievance, or made any complaint regarding this alleged incident. See generally, Supplement Kitchen Affidavit, with attached exhibits. Plaintiff did not file any response to Defendants' supplemental evidence.

In addition to this evidence, Plaintiff's complete NCDC file has also been submitted to the Court for review, which does not contain any grievance filed by the Plaintiff. See Court Docket No. 30-2.

As a result of the enactment of § 1997(e)(a), "Congress has mandated exhaustion . . . regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying



Booth v. Churner to affirm district court's denial of relief to plaintiff]. To meet their burden of showing that Plaintiff failed to exhaust his administrative remedies, the Defendants have submitted copies of the grievance procedure available at the Detention Center, as well as an affidavit from the Jail Administrator attesting to the availability of this grievance procedure and the fact that Plaintiff failed to file any grievance with respect to the claims asserted in this lawsuit. The Defendants have also submitted a copy of Plaintiff's inmate file, which does not reflect the filing of any grievances. However, although the Defendants clearly placed the Plaintiff on notice that they were seeking summary judgment on this ground, Plaintiff failed to address this issue in the response he filed to the Defendants' motion for summary judgment. Further, although the Court also highlighted this issue as a possible grounds for summary judgment in its Order of March 25, 2011, Plaintiff failed to file any response whatsoever to the Defendants' supplemental affidavit addressing this issue.

In sum, Plaintiff has provided no evidence to dispute the Defendants' evidence showing his failure to exhaust his administrative remedies, and indeed he concedes in his verified Complaint that he did not file any grievance with respect to these claims. Based on the documentary and affidavit evidence submitted by the Defendants, the Court is not required to accept Plaintiff's conclusory and unsupported statement in his verified Complaint that the Detention Center had no grievance procedure. House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; Morgan v. Churchs Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) [The Court is not required to "accept as true legal conclusions or unwarranted factual inferences"]; cf. Silvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995)[Explaining that while the party opposing summary judgment is entitled to the benefit of inferences that can be drawn from the evidence, "[p]ermissible inferences must still be within the



range of probability" and that "[w]hether an inference is reasonable cannot be decided in a vacuum; it must be considered in light of the competing inferences to the contrary"(internal quotation marks omitted)]; see also Spruill v. Gillis, 372 F.3d 281, 223 (3rd. Cir. 2004)[documents relating to issue of exhaustion may be considered when considering a motion to dismiss].

Before Plaintiff may proceed on his claim in this Court he must first have exhausted the administrative remedies that were available to him at the Newberry County Detention Center, and the evidence submitted satisfies the Defendants burden to show that Plaintiff failed to do so. Porter v. Nussle, 534 U.S. 516 (2002) [exhaustion required for all actions brought with respect to prison conditions]; Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must purse the administrative remedy or be precluded from seeking relief in the courts"].  Therefore, as Plaintiff has failed to show the existence of a sufficient question of fact with respect to this issue to survive summary judgment, this case should be dismissed. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000)["It is beyond the power of this court-or any other to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."](quoting Beeson v. Fishkill Corr. Facility, 28 F.Supp. 2d 884, 894-895 (S.D.N.Y. 1998)); see also Jacobs v. Pennsylvania Dep't of Corrections, 148 Fed. Appx. 107 at * * 2 (3d Cir. 2005)[Case was dismissed for failure to exhaust where although Plaintiff alleged that he had documents to show exhaustion, he never filed the documents and made no other attempt to support his bare assertion]; Harvey v. City of Philadelphia, 253 F.Supp.2d 827, 829 (E.D.Pa. 2003) [Summary judgment granted where Plaintiff claimed to have exhausted administrative remedies, but did not present any evidence to challenge defendants' evidence that he did not pursue his administrative remedies].



**Conclusion**

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed,** without prejudice, for failure of the Plaintiff to exhaust his administrative remedies.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

April 20, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>Post Office Box 835
>Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

