IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Zachery Travorus Bookman, | ) | Civil Action No. 9:10-cv-1627-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Capt. Kitchen, et. al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 1983. As a result, this matter was referred to a Magistrate Judge for pre-trial proceedings. The Magistrate Judge has made a report and recommendation that Defendants' motion be granted. (Dkt. No. 39). The Plaintiff failed to object. After a review for errors of law, this Court adopts the recommendation of the Magistrate Judge.

**Analysis**

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and

1

Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Defendants seek summary judgment because Plaintiff failed to exhaust his administrative grievance remedies prior to filing this lawsuit. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." However, it is the Defendants who have the burden of showing that Plaintiff failed to exhaust his administrative remedies. *See Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.3d 674, 683 (4th Cir. 2005) (inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant). Previously, Defendants failed to offer sufficient evidence to support this ground for summary judgment. Thus, by Order dated March 25, 2011, the Court stated that in order to obtain summary judgment on the ground that Plaintiff failed to exhaust the grievance procedure available at the jail, the Defendants would need to submit further evidence to the Court showing what that grievance procedure is together with documentary or affidavit evidence showing Plaintiff's failure to comply with this procedure. The Defendants were given ten days to submit such additional evidence and serve a copy of same on the Plaintiff, following which Plaintiff would have ten days to file any response.

On April 4, 2011, the Defendants submitted a supplemental affidavit from Kitchen in which he attests that Section 22 of the NCDC Pretrial Dorm, Maximum Security, and Female Inmate Rules outline the proper procedure for filing grievances, and

that a copy of these rules is provided to detainees at the time of entry into the NCDC. Kitchen also attached a copy of these rules to his supplemental affidavit as Exhibit A. Kitchen further attests that once a grievance is received, Section 9 of the NCDC policy governs the procedures for handling inmate grievances, a copy of which he attached to his supplemental affidavit as Exhibit B. Kitchen attests that after a thorough review of Plaintiff's file as well as questioning the guards on duty during the alleged incident set forth in Plaintiff's Complaint, he had found no indication that Plaintiff had requested medical attention, filed a grievance, or made any complaint regarding this alleged incident. *See*, Supplement Kitchen Affidavit, with attached exhibits. Plaintiff did not file any response to Defendants' supplemental evidence. In addition to this evidence, Plaintiff's complete NCDC file has also been submitted to the Court for review, which does not contain any grievance filed by the Plaintiff. *See* Court Docket No. 30-2.

As a result of the enactment of § 1997(e)(a), "Congress has mandated exhaustion . . . regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001); *see Porter v. Nussle*, 534 U.S. 516 (2002); *Larkin v. Galloway*, 266 F.3d 718 (7th Cir. 2001) (exhaustion required even though plaintiff claimed he was afraid); *see also Claybrooks v. Newsome*, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) (applying *Booth v. Churner* to affirm district court's denial of relief to plaintiff). To meet their burden of showing that Plaintiff failed to exhaust his administrative remedies, the Defendants have submitted copies of the grievance procedure available at the Detention Center, as well as an affidavit from the Jail Administrator attesting to the availability of this grievance procedure and the fact that Plaintiff failed to file any grievance with respect to the claims asserted in this lawsuit.

The Defendants have also submitted a copy of Plaintiff's inmate file, which does not reflect the filing of any grievances. However, although the Defendants clearly placed the Plaintiff on notice that they were seeking summary judgment on this ground, Plaintiff failed to address this issue in the response he filed to the Defendants' motion for summary judgment. Further, although the Court also highlighted this issue as a possible grounds for summary judgment in its Order of March 25, 2011, Plaintiff failed to file any response whatsoever to the Defendants' supplemental affidavit addressing this issue. In sum, Plaintiff has provided no evidence to dispute the Defendants' evidence showing his failure to exhaust his administrative remedies, and indeed he concedes in his verified Complaint that he did not file any grievance with respect to these claims.

Before Plaintiff may proceed on his claim in this Court he must first have exhausted the administrative remedies that were available to him at the Newberry County Detention Center, and the evidence submitted satisfies the Defendants burden to show that Plaintiff failed to do so. *Porter v. Nussle*, 534 U.S. 516 (2002) (exhaustion required for all actions brought with respect to prison conditions). Therefore, as Plaintiff has failed to show the existence of a sufficient question of fact with respect to this issue to survive summary judgment, Plaintiff's claims fail as a matter of law.

### Conclusion

Based on the above, Defendants' motion is **granted** and this action is dismissed without prejudice. (Dkt. No. 30).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

4

May 13, 2011
Charleston, South Carolina

5